Case 3:22-cv-00613-JHM    Document 1    Filed 10/20/22    Page 1 of 19 PageID #: 1

Eastern District of Kentucky
**FILED**
Oct - 20 2022
Page 2
Robert R. Carr
Clerk, U.S. District Court

AO 241
(Rev 06/13)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern at Ashland |
|---|---|
| Name (under which you were convicted): Adam Anthony Barker | Docket or Case No.: 0:22-cv-86-GFVT-EBA |
| Place of Confinement: Little Sandy Correctional Complex, 505 Prison Connector Road, Sandy Hook, Kentucky 41171 | Prisoner No.: 199465 |
| Petitioner (include the name under which you were convicted): Adam Anthony Barker | v. | Respondent (authorized person having custody of petitioner): Shawn McKenzie |
| The Attorney General of the State of Kentucky, Daniel Cameron | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Jefferson Circuit Division III
   Judicial Center
   700 West Jefferson St., 7th Floor
   Louisville, Kentucky 40202-4733

   (b) Criminal docket or case number (if you know): 04CR3560/05CR0239/05CR1958

2. (a) Date of the judgment of conviction (if you know): 03/14/2006

   (b) Date of sentencing: 05/01/2006

3. Length of sentence: Forty (40) years' imprisonment

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   Murder;
   Assault, 1st Degree (2 Counts);
   Assault, 2nd Degree (5 Counts);
   Tampering with Physical Evidence;
   Assault, 1st Degree (2 Counts);
   Assault, 2nd Degree (4 Counts).

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty         ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty             ☐ (4) Insanity plea

AO 241 (Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

<u>Not Guilty - Jury Trial Found Guilty</u>     <u>Guilty - Alford Plea</u>
Murder;    Assault, 1st Degree (2 Counts)
Assault, 1st Degree (2 Counts);    Assault, 2nd Degree (4 Counts)
Assault, 2nd Degree (5 Counts);
Tampering with Physical Evidence.

After Jury Verdict, Petitioner entered into sentencing agreement which waived his right to appeal his convictions and included an Alford Plea to the remaining charges which had yet to be tried.

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☒ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

     ☐ Yes    ☒ No    Right to a direct appeal was waived by agreement.

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No

   If yes, answer the following:

     (1) Name of court:

     (2) Docket or case number (if you know):

     (3) Result:

     (4) Date of result (if you know):

AO 241 (Rev. 06/13)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Jefferson Circuit Division III

(2) Docket or case number (if you know): 04CR3560/05CR0239/05CR1958

(3) Date of filing (if you know): 04/03/2009

(4) Nature of the proceeding: RCr 11.42 Motion

(5) Grounds raised:

A) Defense Counsel Adams was ineffective for failing to fully consider and discuss with him the various defenses which existed and to properly pursue or to fully pursue the most reasonable and clear defense available;

B) Defense Counsel Adams was ineffective by misadvising Movant Barker with respect to the seventy (70) year aggregate sentencing cap set forth by KRS 532.110(1)(c) and with respect to sentences being run consecutively with life sentences;

C) Defense Counsel Adams was ineffective in misadvising and coercing Movant Barker to forego jury sentencing and enter into sentencing/Alford Plea agreements by failing to discuss with him the various possibilities regarding appeal issues;

D) Defense Counsel Adams was ineffective when during specific phases of the (Continued on next page)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Denied

(8) Date of result (if you know): 05/14/2009

Question 11(a)(5) continued:

    trial, his performance was impeded by health problems;

E)   Movant Barker was denied due process of law and effective assistance of counsel based on the cumulative effect of the aforesaid errors.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Jefferson Circuit Division III

(2) Docket or case number (if you know): 04CR3560/05CR0239/05CR1958

(3) Date of filing (if you know): 04/05/2012

(4) Nature of the proceeding: CR 60.02 Motion

(5) Grounds raised:

A) Movant was denied due process of law and effective assistance of counsel, in violation of the 6th and 14th Amendments to the United States Constitution and §§ 2, 7, and 11 of the Kentucky Constitution, based on the ground that counsel was ineffective for severing Movant's charges in Indictment No. 04-CR-3560 for separate trials, thereby making him eligible for a harsher ultimate sentence;

B) Movant was denied due process of law and effective assistance of counsel, in violation of the 6th and 14th Amendments to the United States Constitution and §§ 2, 7, and 11 of the Kentucky Constitution, based on the ground that counsel failed to challenge the legality of the Commonwealth's Motion to Amend Indictment No. 05-CR-1958.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: Denied

(8) Date of result (if you know): 08/28/2012

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Jefferson Circuit Division III

(2) Docket or case number (if you know): 04CR3560/05CR0239/05CR1958

(3) Date of filing (if you know): 08/24/2020

(4) Nature of the proceeding: CR 60.02 Motion

(5) Grounds raised:

A) Movant was denied due process of law, in violation of the 5th and 14th Amendments to the United States Constitution and Section 2, 7, and 11 of the Bill of Rights to the Kentucky Constitution when prosecutorial misconduct rendered his entire trial fundamentally unfair, thereby resulting in a substantial miscarriage of justice.

B) Movant was denied due process of law, in violation of the 5th and 14th Amendments to the United States Constitution and Section 2, 7, and 11 of the Kentucky Constitution when judicial misconduct rendered his entire trial fundamentally unfair, thereby resulting in a substantial miscarriage of justice.

AO 241 (Rev 06/13)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: Denied

(8) Date of result (if you know): 01/19/2021

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No
(2) Second petition:  ☒ Yes   ☐ No
(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioner was denied due process of law, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, when prosecutorial misconduct via a Brady/Napue/Giglio violation rendered his entire trial fundamentally unfair.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutors misrepresented and failed to disclose the true nature of cooperation agreements the Commonwealth entered into with Petitioner's codefendants, secretly granting them immunity from prosecution in exchange for their testimony against him.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: CR 60.02

    Name and location of the court where the motion or petition was filed: Jefferson Circuit Court, Div. III
Judicial Center
700 West Jefferson St., 7th Floor
Louisville, Kentucky 40202-4733

    Docket or case number (if you know): 04-CR-3560
05-CR-0239
05-CR-1958

    Date of the court's decision: Decided: 01/19/2021

    Result (attach a copy of the court's opinion or order, if available): Denied

Opinion of the Jefferson Circuit Court attached to Memorandum of Law.
(See Appendix, Exhibit M1-M3).

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Kentucky Court of Appeals
360 Democrat Drive
Frankfort, Kentucky 40601

    Docket or case number (if you know): 2021-CA-0367-MR

    Date of the court's decision: 08/19/2022

    Result (attach a copy of the court's opinion or order, if available): Denied

Opinion Affirming attached to Memorandum of Law.
(See Appendix, Exhibit N1-N12).

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev 06/13)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Petitioner was denied due process of law, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, when prosecutorial misconduct via a Napue/Giglio violation rendered his entire trial fundamentally unfair.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutors misrepresented and failed to disclose to the Jury the true nature of cooperation agreements the Commonwealth entered into with Petitioner's codefendants. Throughout the trial, prosecutors put forth to the Jury and also solicited false testimony from Petitioner's codefendants that the only thing each of them received in exchange for their testimony was a separate trial to be held after Petitioner's trial. Prosecutors failed to correct their own false statements and the false testimony of Petitioner's codefendants by disclosing to the Jury that these cooperation agreements also included provisions whereby the Commonwealth secured the return of their previously posted bonds and release on their own recognizance.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  CR 60.02

Name and location of the court where the motion or petition was filed:  Jefferson Circuit Court, Div. III
Judicial Center
700 West Jefferson St., 7th Floor
Louisville, Kentucky 40202-4733

Docket or case number (if you know):  04-CR-3560/05-CR-0239/05-CR-1958

Date of the court's decision:  01/19/2021

Result (attach a copy of the court's opinion or order, if available): Denied
Opinion of the Jefferson Circuit Court attached to Memorandum of Law.
(See Appendix, Exhibit M1-M3).

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals
360 Democrat Drive
Frankfort, Kentucky 40601

Docket or case number (if you know): 2021-CA-0367-MR

Date of the court's decision: 08/19/2022

Result (attach a copy of the court's opinion or order, if available): Denied

Opinion Affirming attached to Memorandum of Law.
(See Appendix, Exhibit N1-N12).

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:** Petitioner was denied due process of law, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, when prosecutorial misconduct via perjury rendered his entire trial fundamentally unfair.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutors committed misconduct when they knowingly made false statements which misrepresented and concealed the true nature of the cooperation agreements the Commonwealth entered into with Petitioner's codefendants and induced Petitioner's codefendants to testify falsely as to the nature of these agreements.  Also, the Commonwealth induced three of Petitioner's codefendants (Bradley Borneman, Joshua Paulley, and Jesse Bray) to change their testimony to ensure convictions against him.

AO 241
(Rev. 06/13)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  CR 60.02

Name and location of the court where the motion or petition was filed:  Jefferson Circuit Court, Div.II
Judicial Center
700 West Jefferson St., 7th Fl.
Louisville, Ky 40202-4733

Docket or case number (if you know):  04-CR-3560
05-CR-0239
Date of the court's decision:  05-CR-1958   Decided: 01/19/2021

Result (attach a copy of the court's opinion or order, if available):  Denied

Opinion of the Jefferson Circuit Court attached to Memorandum of Law.
(See Appendix, Exhibit M1-M3).

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Kentucky Court of Appeals
360 Democrat Drive
Frankfort, Kentucky 40601

Docket or case number (if you know):  2021-CA-0367-MR

Date of the court's decision:  08/19/2022

Result (attach a copy of the court's opinion or order, if available):  Denied

Opinion Affirming attached to Memorandum of Law.
(See Appendix, Exhibit N1-N12).

AO 241 (Rev 06/13)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Petitioner was denied due process of law, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, when prosecutorial misconduct via fraud upon the court rendered his entire trial fundamentally unfair.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutors committed extrinsic fraud upon the court via fraudulent non-disclosure suppression of material evidence and offering an inducement that is prohibited by law to cooperating witnesses in order to get them to testify against Petitioner's defense. Prosecutors engaged in a deliberately planned and carefully executed scheme designed to subvert the integrity of the judicial process by circumventing and effectively stripping Petitioner of his meritorious defense of protection of others.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  CR 60.02 Motion

AO 241
(Rev 06/13)

Page 12

Name and location of the court where the motion or petition was filed: Jefferson Circuit Court, Div. III
Judicial Center
700 West Jefferson St., 7th Floor
Louisville, Kentucky 40202-4733

Docket or case number (if you know): 04-CR-3560
05-CR-0239
Date of the court's decision: 05-CR-1958  Decided: 01/19/2021

Result (attach a copy of the court's opinion or order, if available): Denied

Opinion of the Jefferson Circuit Court attached to Memorandum of Law.
(See Appendix, Exhibit M1-M3).

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals
360 Democrat Drive
Frankfort, Kentucky 40601

Docket or case number (if you know): 2021-CA-0367-MR

Date of the court's decision: 08/19/2022

Result (attach a copy of the court's opinion or order, if available): Denied

Opinion Affirming attached to Memorandum of Law.
(See Appendix, Exhibit N1-N12).

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

**GROUND FIVE:**

Petitioner was denied due process of law, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, when judicial misconduct rendered his entire trial fundamentally unfair.

(a) **Supporting facts**:

> Petitioner's trial judge committed misconduct when she colluded with the Commonwealth in its suppression of material evidence and in inducing Petitioner's codefendants to testify falsely.

(d) **Post-Conviction Proceedings**:

> (1) Petitioner raised this issue through a post-conviction motion in a state trial court.
>
> (2) Type of motion: CR 60.02
>
> Filed: Jefferson Circuit Division III
> Judicial Center
> 700 West Jefferson St., 7th Floor
> Louisville, Kentucky 40202-4733
>
> Indictment Nos. 04-CR-3560/05-CR-0239/05-CR-1958
>
> Decided: 01/19/2021
>
> Opinion of the Jefferson Circuit Court attached to Memorandum of Law. (See Appendix, Exhibit M1-M3).
>
> Petitioner was denied an evidentiary hearing on his Motion.
>
> Petitioner appealed from the denial of his Motion.
>
> Petitioner raised this issue in the appeal.
>
> Petitioner filed the appeal in the Kentucky Court of Appeals, 360 Democrat Drive, Frankfort, Kentucky 40601.
>
> Case No. 2021-CA-0367-MR
>
> Rendered: 08/19/2022
>
> Opinion Affirming attached to Memorandum of Law. (See Appendix, Exhibit N1-N12).

**GROUND SIX:**

Petitioner was denied due process of law, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, when prosecutorial misconduct via improper arguments which incited the passion and prejudice of the Jury rendered his entire trial fundamentally unfair.

(a) **Supporting facts**:

Prosecutor committed misconduct when he incited the passion and prejudice of the Jury via improper arguments. Specifically, Shannon stated to the Jury that (1) "…this is some South End, working men, young men, who came to Louisville, who went to a bar for a good time and ran into this group, who to them a good time is hurting people" (VR 5; 3/14/06; 11:37:59); (2) "…the victims lied because you're not supposed to care about boys from the South End who come up to the city and drink at a bar, they don't deserve the protection of the law" (VR 5; 3/14/06; 12:18:13); and (3) "You think of him as a poor South End kid who got what he deserved because he's not good enough" (VR 5; 3/14/06; 12:54:38). These statements served no other purpose than to incite the passion and prejudice of the Jury.

(d) **Post-Conviction Proceedings**:

(1) Petitioner raised this issue through a post-conviction motion in a state trial court.

(2) Type of motion: CR 60.02

Filed: Jefferson Circuit Division III
Judicial Center
700 West Jefferson St., 7th Floor
Louisville, Kentucky 40202-4733

Indictment Nos. 04-CR-3560/05-CR-0239/05-CR-1958

Decided: 01/19/2021

Opinion of the Jefferson Circuit Court attached to Memorandum of Law. (See Appendix, Exhibit M1-M3).

Petitioner was denied an evidentiary hearing on his Motion.

Petitioner appealed from the denial of his Motion.

Petitioner raised this issue in the appeal.

Petitioner filed the appeal in the Kentucky Court of Appeals, 360 Democrat Drive, Frankfort, Kentucky 40601.

Case No. 2021-CA-0367-MR

Rendered: 08/19/2022

Opinion Affirming attached to Memorandum of Law. (See Appendix, Exhibit N1-N12).

AO 241 (Rev 06/13)

Page 13

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

```
Supreme Court of the United States
Case No. 11-8581
Petition for Writ of Certiorari
```

Issue 1: Is it unconstitutional for a sentencing law to subject a defendant to a harsher sentencing range because he severed charges in an indictment for separate trials in order to obviate the prejudice that would have resulted from a single trial?;

Issue 2: Was the petitioner's constitutional rights to due process of law, effective assistance of counsel, and equal protection of the law violated when the State denied his claim that his defense counsel was ineffective for failing to pursue a defense of extreme emotional disturbance?

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 06/13)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial: Hon. Bart Adams
500 Kentucky Home Life Building
239 South Fifth Street - Louisville, Kentucky 40202

(d) At sentencing: Hon. Bart Adams


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:
Hon. M. Brooke Buchanan, Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 301
Frankfort, Kentucky 40601

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner asserts his application for a writ a habeas corpus by a person in custody pursuant to the judgment of a State court is timely filed under 28 U.S.C. § 2244(d)(1)(B) and 28 U.S.C § 2244(d)(2). Please see Memorandum of Law for further details.

Additionally, Petitioner asserts his State action impediment constitutes cause-and-prejudice. Please see Memorandum of Law for further details.

AO 241
(Rev 06/13)

Page 18

> Moreover, Petitioner asserts equitable tolling is appropriate in his case. Please see Memorandum of Law for further details.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev 06/13)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Please see Memorandum of Law: Summary and Request for Relief, p. 123.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 10/17/2022 (month, date, year).

Executed (signed) on 10/17/2022 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.