## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ADAM ANTHONY BARKER**                                                         **PETITIONER**

**v.**                                                      **CIVIL ACTION NO. 3:22-cv-P613-JHM**

**WARDEN SHAWN MCKENZIE**                                                         **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Adam Anthony Barker filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Barker to show cause why the petition should not be dismissed as time-barred under the applicable one-year statute of limitations (DN 12). Barker responded to the Court's Show Cause Order (DN 13). For the reasons set forth below, the petition will be dismissed as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the petition, Barker was convicted of murder, multiple counts of assault, and tampering with physical evidence in Jefferson Circuit Court on March 14, 2006. He states that he entered into a sentencing agreement in which he waived his right to appeal and was sentenced to forty years' imprisonment on May 1, 2006. Barker reports that he filed a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion on April 3, 2009, which the trial court denied on May 14, 2009. He also filed a RCr 60.02 motion on April 5, 2012, which the trial court denied on August 28, 2012. He filed a second RCr 60.02 motion on August 24, 2020, which the trial court denied on January 19, 2021. Barker reports that he appealed the denial of his three post-

conviction motions. The Court of Appeals affirmed the denial of his most recent motion on August 19, 2022.[1] He filed the instant § 2254 petition on October 17, 2022.[2]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

---

[1] Barker also states in the petition that he filed a petition for writ of certiorari in the Supreme Court in 2011, but it does not appear to be an appeal from a lower court ruling.

[2] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

Barker did not file a direct appeal of his conviction.[3] Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Barker's conviction became final on May 31, 2006, at the expiration of the thirty-day period for filing a direct appeal. *See* RCr 12.04. Thus, Barker had until May 31, 2007, to file a petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Barker did not file the instant habeas petition before May 31, 2007, nor did he file any time-tolling collateral action in state court during that time period.

Barker filed the first of several post-conviction motions on April 3, 2009. However, filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit held, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to

---

[3] Barker argues that his failure to exhaust his state remedies should be excused. Because the Court finds that the petition is barred by the statute of limitations, the Court will not address Barker's arguments regarding exhaustion and procedural default.

finality") (citing *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). Barker's RCr 11.42 motion was filed on April 3, 2009, nearly two years after the statute of limitations expired. By the time he filed that motion, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, Barker's § 2254 petition seeking a writ of habeas corpus from this Court, filed more than fifteen years after the expiration of the statute of limitations, is time-barred and subject to summary dismissal.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Before dismissing the petition as time-barred, the Court ordered Barker to show cause why his § 2254 petition should not be dismissed as barred by the applicable one-year statute of limitations.

In response to the Show Cause Order, Barker maintains that he is entitled to equitable tolling "because his prosecutors lulled him into inaction via a specific threat made at his final sentencing." He reiterates statements made in his memorandum in support of his petition which assert that he was "tricked" into waiving his appeal rights at his final sentencing due to threats by prosecutors to prosecute his friends.

4

As already stated in the Court's Show Cause Order, the fear of retribution does not provide a basis for tolling the statute of limitations. *See Dettlaff v. Boss*, No. 18-cv-1620-pp, 2021 U.S. Dist. LEXIS 48655, at *20 (E.D. Wis. Mar. 16, 2021) ("The court has not found any case holding that the fear of retribution provides a basis for tolling the statute of limitations on a constitutional claim . . . .") (citing *Castro v. City of Chicago*, No. 07-cv-0931, 2013 U.S. Dist. LEXIS 13692, at *15-16 (N.D. Ill. Feb. 1, 2013)). However, even if the prosecutors' alleged actions could toll the statute of limitations period for any amount of time, Barker offers no explanation of why he waited more than sixteen years after his final sentencing on May 1, 2006, to file his habeas petition in this Court. Therefore, Barker has failed to demonstrate that he is entitled to equitable tolling.

For these reasons, the Court concludes that Barker is not entitled to equitable tolling and that the instant § 2254 petition is barred by the statute of limitations. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Barker appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a

plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: May 31, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner Barker, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4414.010